UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
  SARAH ROSENBERG,               :
                                    :
                    Plaintiff,      :
                                    :   21-cv-0175 (BMC)
              - against -         :
                                    :
                                    :
  FRONTLINE ASSET STRATEGIES, LLC,  :
  and ABSOLUTE RESOLUTION        :
  INVESTMENTS, LLC,            :
                                    :
                  Defendants.    :
                                    :
-------------------------------------------------------- X
                                    :
JOHANNA ORTIZ,                :
                                    :
                  Plaintiff,      :
                                    :   21-cv-0779 (BMC)
              - against -         :
                                    :
                                    :
ASSET RECOVERY SOLUTIONS, LLC, and  :
VELOCITY INVESTMENTS, LLC,      :
                                    :
                  Defendants.    :
                                    :
-------------------------------------------------------- X

## MEMORANDUM DECISION AND ORDER

**COGAN**, District Judge.

      The two actions captioned above, each brought under the Fair Debt Collection Practices

Act, are consolidated for purpose of this decision.  The issue raised in each case is whether the

identical allegation in each complaint that "Plaintiff did not owe any money at all to the entity on

whose behalf defendants were seeking to collect" is sufficient to state a claim for a false

statement when the only basis for the allegation is that plaintiff did not know, prior to receiving a

collection letter, that a debt-buying company had purchased her debt.  The underlying question in resolving that issue is whether a secondary market purchaser of consumer debt must disclose in the initial collection letter the chain of title pursuant to which it acquired the debt.

I hold that the FDCPA does not require a debt purchaser or its collection agent to disclose the chain of title by which it acquired the debt.  Based on that conclusion, I further hold that plaintiffs' allegations are insufficient to state a claim in the absence of factual allegations suggesting that the debt purchaser does not, in fact, own the debt.

## SUMMARY OF COMPLAINTS

### I.       The Rosenberg Amended Complaint

Plaintiff Rosenberg's amended complaint alleges that defendant Absolute Resolution Investments LLC "is in the business of purchasing consumer debts which are in default and collecting on same," and that Absolute's "principal purpose … is the collection of such debts." It further alleges that Absolute "is not the original creditor of any loan to plaintiff" and that "based on the representation contained in the collection letter more fully described *infra*, the original creditor for the loan at issue was 'Citibank, N.A.'"  Citibank, plaintiff Rosenberg alleges, "never advised" her that it had "sold" "assigned" or 'transferred" her credit card debt to Absolute, and Absolute never advised her that it had acquired the debt.

The amended complaint goes on to allege that defendant Frontline Asset Strategies, LLC is "regularly engaged, for profit, in the collection of debts allegedly owed by consumers," and that Absolute "hired [Frontline] to collect the alleged Debt."  Then, the amended complaint alleges that "[a]t an exact time known only to Defendants, the alleged Debt was assigned or

otherwise transferred to Defendants for collection," and that at the time of that transfer, "the alleged Debt was in default."

The collection letter from Frontline that is annexed to the amended complaint, dated February 12, 2020, is a settlement offer, not a demand for payment. However, as plaintiff Rosenberg acknowledges in her amended complaint, "the Letter was not the initial written communication from Defendants concerning the alleged Debt but … the initial letter was formatted similarly, if not identically, to the Letter." Defendants have submitted that initial written communication, dated December 19, 2019, and it does contain the same disclosure about which plaintiff Rosenberg is complaining:

| Account # | Current Creditor | Original Creditor | Merchant | Original Creditor # |
|---|---|---|---|---|
| 108226595 | Absolute Resolutions Investments, LLC | Citibank N.A. | Citi Diamond Preferred Card | xxxxxxxxxxxx5827 |

| Last Pay Date: | Total Due as of Charge-off: | Total Interest Accrued Since Charge-off: | Total non-interest Charges or Fee Accrued Since Charge-off: | Total Paid on Debt Since Charge-off: |
|---|---|---|---|---|
| 02/07/2019 | $16537.51 | $0.00 | $0.00 | $0.00 |

| | Total Due |
|---|---|
| | $16328.79 |

The problem with this disclosure, according to plaintiff Rosenberg, is that she does not know who Absolute (or Frontline, for that matter) is. The amended complaint alleges that "plaintiff did not owe the Claimed Amount" and, more specifically, "[i]n fact, Plaintiff did not owe any money at all *to the entity on whose behalf defendants were seeking to collect*." (Emphasis added). Because "Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect," defendants' claim that plaintiff Rosenberg owed the money to Absolute "is a false, deceptive, and misleading representation" under FDCPA §§ 1692e, 1692e(2)(a), and 1692e(10).

## II.     The Ortiz Complaint

The Ortiz complaint was filed by some of the same lawyers as in Rosenberg and it is substantively identical.  The only differences are: (1) the debt collection company and the owner of the debt are Asset Recovery Solutions, LLC and Velocity Investments, LLC, respectively, and the original creditor is listed as "LENDING CLUB ASSIGNEE OF WEB BANK"; and (2) the letter upon which plaintiff Ortiz's claim is based was, in fact, the initial communication from Asset Recovery.  The identification of the amount owed, the current owner of the debt, and the original creditor are presented in a somewhat different format than in Rosenberg, but any differences are immaterial:

| | |
|---|---|
| Statement Date: | 11/12/20 |
| ID Number: | ▉4043 |
| Original Creditor: | LENDING CLUB ASSIGNEE OF WEBBANK |
| Current Creditor: | VELOCITY INVESTMENTS LLC |
| Account Number: | XXXXXXXXXXXX3159 |
| Balance: | $9,998.39 |
| Amount Due at Charge Off: | $9,998.39 |
| Interest Accrued Since Charge Off: | $.00 |
| Miscellaneous Fees Since Charge Off: | $.00 |
| Total Payments Since Charge Off: | $.00 |

The procedural posture of Ortiz is different than Rosenberg.  In the latter, I did not hold a premotion conference and, instead, simply received motion papers under Fed. R. Civ. P. 12(b)(6).  In Ortiz, I held a premotion conference on defendants' proposed motion to dismiss.  At the conference, plaintiff's counsel articulated his position that his client did not know if Velocity was in fact the owner of the debt.  I determined to allow the Ortiz defendants to move for

summary judgment under Rule 56 instead of dismissal under Rule 12(b)(6). I directed them to include proof that Velocity in fact owned the debt and stated that if the submissions raised an issue of fact as to that ownership, I would allow discovery to see if it could be resolved as a matter of law or if it required a trial.  As discussed below, plaintiff Ortiz has in fact attempted to assert an issue of fact as to Velocity's ownership of the debt.

In addition, defendants in Ortiz have moved for sanctions under 28 U.S.C. § 1927.

## DISCUSSION

### I.    Rosenberg [1]

The standard of review under Rule 12(b)(6) has been too often repeated to require extended discussion. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "To determine if dismissal for failure to state a claim is appropriate, the Court must "accept as true all facts alleged in the complaint" and "draw all reasonable inferences in favor of the plaintiff." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007). Although the Court must "take all of the factual allegations in the complaint as true" for the purpose of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Plaintiff Rosenberg seeks refuge in that portion of the Rule 12(b)(6) standard requiring a court to accept as true all facts alleged in the complaint.  Specifically, she argues that since she

---

[1] The Rosenberg defendants have also sought to dismiss on statute of limitations grounds.  In light of the disposition of their motion on the merits, I need not reach that issue.

has alleged that "Plaintiff did not owe any money at all to the entity on whose behalf defendants were seeking to collect," I must assume that to be true, and once I do, then she has stated a plausible claim that defendants' collection letters are false, misleading, and deceptive.  To her credit, plaintiff Rosenberg recognizes in opposing defendants' motion to dismiss that for all she knows, Absolute really did purchase her debt from Citibank, either directly or through intervening sales and purchases.  She argues, however, that her allegation alone is sufficient to proceed beyond the Rule 12(b)(6) stage so that she can determine through discovery whether Absolute owns the debt.

I disagree. Plaintiff Rosenberg's allegation that she "does not owe" the debt to defendants is a legal conclusion, or at least a mixed allegation of law and fact, rather than a factual allegation, and thus it does not warrant deference under Iqbal and Twombly.  Whether someone owes a debt to someone else is ultimately a question of law. That determination will be based on facts, but the facts that plaintiff Rosenberg has alleged do not plausibly support her legal conclusion.

Plaintiff Rosenberg's conclusion that she "does not owe" the debt to Absolute is based solely on the fact she never heard of Absolute before receiving the collection letters.  Unless there was some factual basis for her to doubt the accuracy of defendants' representation that it is her "current creditor," or some legal obligation for Citibank or Absolute to have explained to her how Absolute came to acquire her debt, then her allegation that she does not owe the debt to Absolute is merely possible or conceivable, not plausible.  Based on her allegations, there is neither a factual nor a legal basis for her to dispute Absolute's ownership, and thus her claim is not plausible.

As to the factual basis for Absolute's ownership of the debt, there are no facts alleged in plaintiff Rosenberg's amended complaint suggesting that Absolute is not the "current creditor," as its notice advises plaintiff.  For example, there are no factual allegations suggesting that Absolute is a fraudulent enterprise that masquerades as a debt-buyer to fleece consumers, or that there was some irregularity in the acquisition of plaintiff's original debt that deprives Absolute of ownership and precludes collection.  See Saldana v. Resurgent Capital Services, LP, No. 20-cv-1879, 2020 WL 6375752, at *6 (D. N.J. Oct. 30, 2020) (to state a claim, plaintiff needs to provide more specific allegations as to why the letter did not effectively communicate the true identity of the current creditor).

Quite the contrary.  As noted above, plaintiff Rosenberg is aware, and affirmatively pleads, that Absolute is in the business of buying and collecting consumer debt, and Frontline is a professional collection agent.  Moreover, by identifying plaintiff's Citibank credit card account, plaintiff could readily match-up her original debt with its current ownership by Absolute.  See Parker v. Mandarich Law Group, LLP, No. 19-cv-6313, 2021 WL 2351177, at *12 (E.D.N.Y. June 9, 2021) ("the least sophisticated consumer in plaintiff's position would understand that she has a credit card, and she can match the account number for this credit card with the account number on the letter.") (collecting like-minded authorities).[2]

As to a legal infirmity in Absolute's ownership of the debt, plaintiff would have to show that under the FDCPA or some other statute, Absolute was required in the collection letters to educate plaintiff with proof, or at least a narrative, as to how it came to acquire the debt from Citibank.  There is nothing in the FDCPA that requires such disclosure.  Section 1692g(a)

---

[2] Although Parker was decided in the context of summary judgment, this point was based solely on the facial adequacy of the collection letter.

requires disclosure only of "the amount of the debt," and the "current creditor."  Indeed, by

requiring disclosure of the "current" creditor, Congress recognized there may have been

intermediate owners of the debt, but it did not provide that the current owner must disclose "all

prior owners."  Disclosure of the "current creditor" is therefore sufficient.  See Solovyova v.

Grossman & Karaszewski PLLC, No. 19-cv-2996, 2021 WL 535209, at *5 (E.D.N.Y. Feb. 12,

2021) ("there is no requirement under the FDCPA that the defendant notify the plaintiff of a sale

of plaintiff's debt."); Taylor v. American Coradius International, LLC, No. 19-cv-4890, 2020

WL 4504657, at *3 (E.D.N.Y. Aug. 5, 2020) ("there is simply no requirement in the statute that a

debt-collection notice clearly describe *every step* in the chain of ownership that the debt travels

to arrive in the current creditor's possession. Rather, the statute requires identification only of

'the name of the creditor to whom the debt is owed.'") (citation omitted); Sosa v. Client

Services, Inc., No. 11-cv-03021, 2011 WL 5599937, *2, 7-8 (D. N.J. Nov. 16, 2011) ("Under the

text of 15 U.S.C. § 1692g(a), a debt collector is not specifically required to state in the written

notice how the debt collector received the account that it is attempting to collect. Instead, the

debt collector must simply identify the name of the creditor to whom the debt is currently

owed.").  The letters at issue here made the required disclosure.

In the absence of any requirement of disclosing the chain of title in the FDCPA, plaintiff

attempts to incorporate a requirement of New York State law into the federal statute. [3]

Specifically, the Chief Judge of the New York Court of Appeals has adopted rules that, in certain

circumstances, require disclosures beyond those required under the FDCPA. See N.Y. Comp.

---

[3] Perhaps there are cases in which state law can inform the scope of obligations under the FDCPA.  But plaintiff's
reliance on Maddox v. Bank of New York Mellon Tr. Co., N.A., 997 F.3d 436 (2d Cir. 2021), is misplaced.  The
issue in Maddox was whether a plaintiff had standing to pursue an action under state law for a mortgagee's failure to
record a satisfaction of mortgage within the time permitted by state law.  That has nothing to do with the issues in
this case.

Codes R. & Regs. Tit. 22, § 202.27-a7 and N.Y. Comp. Codes R. & Regs. Tit. 22, § 208.14-a ("New York Rules"). [4]  Under these Rules, a debt collector moving for a default judgment in a consumer debt collection action must provide a host of notices as part of its motion, including multiple affidavits averring that the statute of limitations has not expired; submitting the original loan account documents; and, most relevant for our purposes, an "affidavit of facts and Purchase of Account by Debt Buyer Plaintiff." This last requires proof of the chain of acquisition by which the debt-buyer acquired the debt.

I have doubts about the wisdom and authority of state courts intervening in the consumer debt market by seeking to balance the scales more towards their view of what amounts to "fair" disclosure or to solve problems of collection abuse where the New York Legislature has not made that determination.  The FDCPA, for example, reflects Congress's careful balancing of the protection of consumers against the efficiency of the consumer credit markets.  The FDCPA therefore recognizes not only the need for consumer protection, but creditor protection as well. See Clomon v. Jackson, 988 F.2d 1314, 1320 (2d Cir. 1993) ("the least-sophisticated-consumer standard effectively serves its dual purpose: it (1) ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices."). It is axiomatic as a matter of economics that the more requirements placed on the collection of debt, the more expensive credit becomes, and that is virtually always to the greatest detriment of those who have the most difficult time obtaining credit and must pay the highest rates for it.  When courts supersede legislative enactments and inject their own concepts of what is a "fair" balance in this market, they are effectively acting as legislators and not courts. Who knows whether the

---

[4] http://ww2.nycourts.gov/rules/ccr/index.shtml#6 (last visited 8/15/21).

good they are attempting to do is outweighed by the increased cost of credit to consumers who need it most?

Putting those concerns aside, however, the New York Rules have no bearing at all in this FDCPA action. First, by their terms, those rules not only require the creditor to have commenced suit on the debt, but also the consumer to have defaulted by failing to answer the summons and complaint, and that the creditor is moving for a default judgment. That is not the case with the collection letters at issue here, and the disclosure requirements under these New York Rules therefore do not apply.

More importantly, a motion for a default judgment in a collection action presents a very different context from the pre-suit collection letter context addressed in this case. As plaintiff acknowledges, the purpose of these New York court rules is to prevent entry of a default judgment against a consumer that does not owe the debt. "The new rules and affidavits are intended to ensure a fair legal process and address documented abuses, including entry of default judgments despite insufficient or incorrect factual proof, expiration of the applicable statute of limitations and failed service of process." New York Rules, "Overview and Applicability of New Rules."

The FDCPA, although also designed to achieve the salutary effect of protecting consumers, has a different focus. It compensates the abused consumer for damages she has suffered and seeks to deter further abuses by that mechanism. Most notably, it encourages private enforcement by awarding reasonable attorneys' fees and costs. See 15 U.S.C. § 1692k(a)(3). Comparing the focus of the New York Rules with the FDCPA, it is one thing to protect a consumer from the improper entry of a default judgment; it is quite another to provide the consumer with an affirmative damage remedy plus attorneys' fees when the debt owner has

not even brought a lawsuit. This may be why the other judges in the district who have considered

plaintiff's argument have also rejected it.  See Johnson v. Cawley & Bergmann, LLC, No. 20-cv-

00380, 2021 U.S. Dist. LEXIS 68855, at *9 (E.D.N.Y. Mar. 31, 2021); Zheng v. Mandarich Law

Grp., LLP, No. 19-cv-1626, 2021 U.S. Dist. LEXIS 68863, at *15 (E.D.N.Y. Mar. 31, 2021).

For this reason, I reject plaintiff's suggestion that I should deny the present Rule 12(b)(6)

motion and allow the matter to proceed to discovery so that she can confirm that Absolute really

owns her Citibank debt.  The practicalities of these kinds of cases is that if they make it past the

Rule 12(b)(6) stage, they virtually always settle for nominal amounts because it doesn't make

sense for the debt owner to incur continuing attorneys' fees when it was always prepared to settle

the usually small amount of defaulted debt at a deep discount.  As noted above, if the complaint

contained any allegations suggesting that Absolute is not the owner of the debt, I would allow

the matter to proceed to discovery, but plaintiff's mere lack of knowledge of the chain of title

leading to Absolute's acquisition is not a sufficient basis to find a plausible claim.

## II.    Ortiz

### A. The merits of defendants' motion

Because defendants in the Ortiz case have moved for summary judgment under Rule 56,

the standard for my consideration of that motion is different than in Rosenberg.  Summary

judgment is available if "that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for these

purposes when it 'might affect the outcome of the suit under the governing law.'" Rojas v.

Roman Catholic Diocese of Rochester, 660 F.3d 98, 104 (2d Cir. 2011) (quoting Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  No genuine issue of material fact exists "unless

there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that

Case 1:21-cv-00779-BMC   Document 24   Filed 08/16/21   Page 12 of 15 PageID #: 149

party." <u>Anderson</u>, 477 U.S. at 249. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Id</u>. at 249-50 (internal citations omitted).

The party seeking summary judgment carries the burden of demonstrating the absence of any disputed issues of material fact and entitlement to judgment as a matter of law. <u>Rojas</u>, 660 F.3d at 104. All ambiguities and reasonable inferences weigh against the moving party. <u>Flanigan v. Gen. Elec. Co.</u>, 242 F.3d 78, 83 (2d Cir. 2001) (citing <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986)). A moving party may indicate the absence of a factual dispute by "showing ... that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).

Once the moving party has met its burden, the nonmoving party normally "must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." <u>Jaramillo v. Weyerhaeuser Co.</u>, 536 F.3d 140, 145 (2d Cir. 2008) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986)).  However, the obligation of the non-moving party is relaxed when, as in the present case, the opposing party has had no discovery.  In that situation, summary judgment should be granted "only in the rarest of cases." <u>Hellstrom v. U.S. Dep't of Veterans Affairs</u>, 201 F.3d 94, 97 (2d Cir. 2000).

The evidence of ownership that the <u>Ortiz</u> defendants have produced consists of all the documentation in the chain of title, and plaintiff does not dispute its authenticity.  The documents show that defendants purchased Ortiz's debt as part of a bulk sale and purchase of defaulted accounts, as is typical in the debt-buying industry.  The chain of title shows that Ortiz initially received a loan from WebBank; WebBank sold it to LendingClub on the same date the account was opened; and Lending Club sold the account to Velocity just under three years later.  It certainly seems bulletproof.

Not so, argues Ortiz.  Her main point is that defendants' records do not satisfy the New York consumer debt collection rules for default judgment motions, discussed above.  She also sees "significant evidentiary issues as to lack of foundation and hearsay" in the documents.  She asserts that the bill of sale contains no specific reference to her account, just that a bulk sale of accounts occurred.

I reject this argument.  There are no evidentiary issues.  The documents are authenticated as business records by a Velocity employee with knowledge of how it keeps its business records and so they are within the business records exception to the rule against hearsay.  See Fed. R. Evid. 803(6).  Ortiz's specific account, although not referenced by her name, is indeed reflected in the bill of sale – it is described as part of Lot20-600, with the last four digits of the account being 3159, for $9,998.39, first transferred on November 10, 2017.  The last four digits of the account number and the amount of the debt are precisely the information contained in the collection letter. The bill of sale including that account is listed therein as November 10, 2017.  Unless there is some other account having the last same last four digits, in the same amount of debt, transferred on the same date as Ortiz's loan was transferred, this reference must be to Ortiz's account.  No reasonable jury could find otherwise.

As far as compliance with the New York debt collection rules, as discussed above, what a debt buyer must file to get a default judgment in New York has nothing to do with what Congress intended in creating a damage recovery action under the FDCPA.  Having explained my reasoning on that point, there is no need to repeat it.

Although it is the rare case where summary judgment is proper prior to discovery, the present motion leads me to conclude not there is some strained issue of fact, but that there really

13

was never a need for discovery at all, and dismissal in <u>Ortiz</u> under Rule 12(b)(6), as defendants

originally proposed, would have been just as proper here as it is in <u>Rosenberg</u>.

      **B.  Sanctions under 28 U.S.C. § 1927**

Defendants' motion for sanctions is predicated on the fact that each of the arguments

Ortiz has advanced has been rejected by every judge in this district, including me (in an oral

decision), and not even one case has accepted any of those arguments. The argument has some

attraction.  It is particularly attractive because Ortiz failed to cite any of the many cases that have

rejected her arguments; at most, she alluded generally that there were such cases.  The situation

is even more egregious because in most of these cases, it is the same plaintiffs' counsel as in the

instant cases making the same arguments.  As defendants frame it: "At what point does raising

the same rejected claim become frivolous?"

Nevertheless, I am not inclined to impose sanctions in this case.  The arguments

discussed above are not frivolous; they are just not meritorious.  District court decisions are not

controlling authority and plaintiffs' counsel has therefore not violated any ethical rule requiring

their citation or precluding them from reasserting the same arguments.  Not every or even most

judges in this district have rejected the arguments – it may be seem fatuous to note, but the only

judges who have rejected these arguments are those to whom the arguments have been presented.

Furthermore, as plaintiff points out in opposing sanctions, any individual judge may have a

change of mind on a previously decided issue.  The answer to defendants' question may therefore

be that the arguments become frivolous when the Second Circuit or the Supreme Court has

rejected them, even though that may never occur because plaintiffs' counsel keeps losing these

cases and not appealing.

14

But plaintiff's counsel should exercise caution in future and even pending cases. Failing to cite on-point decisions by other judges in the same district is at least bad practice. It runs the risk of causing courts to question the credibility of plaintiffs' counsel and the integrity of their presentations. Beyond that, the well from which plaintiffs' counsel is seeking to draw is not bottomless – a point in time may come, and that point may be now by virtue of the instant opinion – when making the same losing arguments over and over again constitutes the kind of vexatious litigation that § 1927 and the inherent power of the Court are designed to prevent.

## CONCLUSION

The <u>Rosenberg</u> defendants' motion to dismiss and the <u>Ortiz</u> defendants' motion for summary judgment are both granted. The <u>Ortiz</u> defendants' motion for sanctions is denied.

**SO ORDERED.**

Digitally signed by
Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
      August 15, 2021